IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACKIE ROBERSON, #M11673, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00009-SMY |
| | ) |
| LT. MINATLES, | ) |
| C/O JOHN DOE 1, | ) |
| C/O JOHN DOE 2, | ) |
| and C/O JOHN DOE 3, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**YANDLE, District Judge:**

Plaintiff Jackie Roberson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint is largely illegible. (*Id*. at p. 6). It appears that he is bringing a claim for the denial of medical care for pain in his hand or heart but the Court is unable to determine the exact nature and scope of his claims. He seeks money damages. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

As much as the Court can discern, Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): Plaintiff requested medical treatment for pain in his hand or heart from a lieutenant and wing officer on December 25, 2018. He was denied adequate and/or timely medical treatment. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count in this *pro se* action:

> **Count 1:** Defendants exhibited deliberate indifference to Plaintiff's serious medical condition on December 25, 2018, in violation of his Eighth Amendment rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Eighth Amendment prohibits cruel and unusual punishment of inmates. U.S. CONST. amend. VIII. An Eighth Amendment claim based on the denial of medical care requires the plaintiff to show that (1) he suffered from an objectively serious medical condition; and that (2) each defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). Plaintiff satisfies neither component of this claim at screening.

With regard to the objective component, it is unclear what, if any, medical condition supports Plaintiff's claim against the defendants. A medical condition is sufficiently serious if a doctor has determined that prompt treatment is necessary or the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Because the Court

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

cannot read Plaintiff's writing, it cannot determine whether the hand or heart condition mentioned in the Complaint is sufficiently serious to satisfy the objective standard at screening.

Assuming it is, Plaintiff must still set forth allegations which suggest that the defendants each responded to his serious medical condition with deliberate indifference, which occurs when a state official is subjectively aware of, and knowingly disregards, an objectively serious injury that poses an excessive risk to an inmate's health. *Farmer v. Brennan*, 511 U.S. 834, 837 (1994); *Lee v. Young*, 533 F.3d 505, 509-510 (7th Cir. 2008). In other words, Plaintiff must describe what each defendant did or failed to do that amounted to cruel and unusual punishment in violation of the Eighth Amendment. But Plaintiff fails to even mention the defendants in the statement of his claim. Although he named Lieutenant Minatles, C/O John Doe 1, C/O John Doe 2, and C/O John Doe 3 as defendants in the caption of the Complaint, he does not refer to these individuals in the statement of his claim; he only refers to a "lieutenant" and "wing officer." (Doc. 1, p. 6). Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the Complaint.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Absent any legible allegations describing what each defendant did or failed to do in violation of Plaintiff's constitutional rights, Count 1

cannot proceed against any of the defendants and must be dismissed without prejudice for failure to state a claim.

Plaintiff will have an opportunity to re-plead his claims in a First Amended Complaint if he wishes to proceed any further with this action. When preparing a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **LIEUTENANT MINATLES, C/O JOHN DOE 1, C/O JOHN DOE 2,** and **C/O JOHN DOE 3** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 30, 2019.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00009-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering

the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/2/2019**

<u>s/ STACI M. YANDLE</u>
**STACI M. YANDLE**
**United States District Judge**